**FILED**

Sep 09 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ soniad          DEPUTY

 SEALED
s/ Julieo

ORDERED UNSEALED on 10/07/2021   s/ Julieo

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

April 2021 Grand Jury

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

HAYKAZ MANSURYAN (1),
HAYK SHAKARYAN (2),
DAVIT BABAYAN (3),
ARTOUR HAKOBYAN (4),
PETROS ARMUTYAN (5),
HAKOP KARAYAN (6),
ROBERT FICHIDZHYAN (7),
VASILIY POLYAK (8),

        Defendants.

Case No.   '21 CR2660 BAS

I N D I C T M E N T

Title 18, U.S.C., Sec. 1029(b)(2),
1029(a)(2), 1029(a)(4) and
1029(c)(1)(A) and (B) – Conspiracy
to Use Unauthorized Access Devices
and Possess Device-Making
Equipment; Title 18, U.S.C.,
Sec. 1028A – Aggravated Identity
Theft; Title 18, U.S.C.,
Secs. 982(a)(2)(B), 982(b) and
1029(c) – Criminal Forfeiture

The grand jury charges, at all times material to the Indictment:

**Introductory Allegations**

1.    An "access device" was any card, plate, code, account number, electronic serial number, personal identification number, or other means of account access that could be used, alone or in conjunction with another access device, to obtain money, goods, or services. Common forms of access devices were debit and credit cards, as well as the account information typically encoded on debit and credit cards.

2.    An "unauthorized access device" was any access device that was lost, stolen, or obtained with intent to defraud.

NWP:SLF:nlv:San Diego:9/9/21

3.   Unauthorized access devices were commonly obtained by taking the account information of unwitting victims and re-encoding it on blank cards to simulate legitimate debit or credit cards. Unwitting victims' account information was commonly obtained by skimming devices that would surreptitiously capture it during an otherwise legitimate transaction at a point of sale such as a gas pump or ATM.

4.   "Device-making equipment" was any equipment designed or primarily used for making an access device or counterfeit access device. Certain types of device-making equipment were commonly known as "skimming devices" or "skimmers."

5.   A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any unique electronic identification number, address, or routing code, and access device.

### Count 1

### Access Device Fraud Conspiracy

### 18 U.S.C. § 1029(b)(2)

### [ALL DEFENDANTS]

6.   Paragraphs 1 through 5 are hereby incorporated by reference as if fully stated herein.

7.   Beginning on a date unknown to the grand jury, but no later than February 27, 2017, up until at least September 9, 2021, within the Southern District of California and elsewhere, defendants HAYKAZ MANSURYAN, HAYK SHAKARYAN, DAVIT BABAYAN, ARTOUR HAKOBYAN, PETROS ARMUTYAN, HAKOP KARAYAN, ROBERT FICHIDZHYAN, and VASILIY POLYAK, and others known and unknown to the grand jury, did knowingly and with intent to defraud, conspire to:

a.   Use one or more unauthorized access devices during a one-year period, and thereby obtain anything of value aggregating $1,000 and more during that period; and

b.   Produce, traffic in, have control or custody of, and possess device-making equipment;

and did engage in conduct in furtherance of such offense; in violation of Title 18, United States Code, Sections 1029(b)(2), 1029(a)(2), 1029(a)(4), and 1029(c)(1)(A) and (B).

**PURPOSE OF THE CONSPIRACY**

8.   The purpose of the conspiracy was for the defendants to build, distribute, possess and use device-making equipment in the form of skimmers and other equipment; to use that equipment to steal the account numbers, electronic serial numbers, personal identification numbers, and other means of bank and credit card account access of unwitting victims through the use of skimmers; to use that stolen information to create unauthorized access devices; and then to use those unauthorized access devices to withdraw cash and purchase goods in the aggregate amount of hundreds of thousands of dollars using funds drawn on the accounts of unwitting victims, within the Southern District of California and elsewhere throughout the United States.

**MANNER AND MEANS**

9.   The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

a.   Defendants ROBERT FICHIDZHYAN, VASILIY POLYAK, and others would use their technical expertise to build skimmers, which were specifically designed to be installed in particular points of purchase (especially including gas pumps) in order to steal the financial account information of unwitting victims;

3

1       b.    Defendants  FICHIDZHYAN,  POLYAK,  and  others  would

2 distribute the skimmers to other members of the conspiracy, such as

3 defendants HAYKAZ MANSURYAN, HAYK SHAKARYAN and DAVIT BABAYAN, in order

4 to install them;

5       c.    Defendants MANSURYAN, SHAKARYAN, BABAYAN, and others

6 would break into gas pumps and install skimmers inside them, in order

7 to surreptitiously steal the account information of unwitting victims

8 using the pumps;

9       d.    Defendants MANSURYAN, SHAKARYAN, BABAYAN, and others

10 would return to the gas pumps and either retrieve the skimmers, or

11 remotely access the skimmers using separate digital devices such as

12 smart phones or tablet computers with Bluetooth technology, in order to

13 harvest the data that the skimmers had collected from unwitting victims

14 using the pumps;

15       e.    Defendants, including MANSURYAN, SHAKARYAN and BABAYAN,

16 would use the stolen account information to create unauthorized access

17 devices reencoded with victims' account information for their own use,

18 and for use by their co-conspirators and accomplices;

19       f.    Defendants,  including  MANSURYAN,  SHAKARYAN,  ARTOUR

20 HAKOBYAN, PETROS ARMUTYAN, and HAKOP KARAYAN, would use the unauthorized

21 access devices to make cash withdrawals from ATMs operated by financial

22 institutions involved in interstate and foreign commerce, as well as to

23 make purchases and charges against victims' accounts;

24       g.    Defendants would use various methods to conceal their

25 access device fraud activities, such as: typically installing skimmers

26 at night, using vehicles registered to others and without proper license

27 plates, using hidden aftermarket compartments to conceal unauthorized

28 access devices, conducting unauthorized withdrawals at ATMs throughout

1  Southern California and across the United States, and by installing
2  skimmers at gas stations throughout Southern California and across the
3  United States.

4  **OVERT ACTS**

5       10.   In furtherance of the conspiracy and to effect its objects,
6  the following overt acts, among others, were committed within the
7  Southern District of California, and elsewhere, on or about the dates
8  below:

9       a.   On February 27, 2017, in Simi Valley, California,
10  defendants HAKOBYAN and KARAYAN conducted fraudulent cash withdrawals
11  using unauthorized access devices at an ATM at Credit Union 1.

12       b.   On February 27, 2017, in Simi Valley, California,
13  defendants HAKOBYAN and KARAYAN possessed four (4) unauthorized access
14  devices and $32,700 in cash.

15       c.   On May 5, 2017, defendants HAKOBYAN and KARAYAN used
16  unauthorized access devices to make and attempt to make fraudulent cash
17  withdrawals at a Bank 1 ATM in Camarillo, California.

18       d.   On May 5, 2017, defendants HAKOBYAN and KARAYAN used
19  unauthorized access devices to make and attempt to make fraudulent cash
20  withdrawals at a Bank 1 ATM in Oxnard, California.

21       e.   On May 5, 2017, defendant KARAYAN visited the U.S. Post
22  office in Camarillo, California and attempted to obtain cash advances
23  using unauthorized access devices.

24       f.   On May 5, 2017, defendants HAKOBYAN and KARAYAN visited
25  the U.S. Post office in Oxnard, California and obtained and attempted
26  to obtain cash advances using unauthorized access devices.

27  //
28  //

g.   On January 15, 2018, defendant ARMUTYAN used an unauthorized access device to make a fraudulent cash withdrawal from a Bank 1 ATM in San Diego, California.

h.   On February 17, 2018, defendant HAKOBYAN used an unauthorized access device containing account information stolen from victim C.H. to make a $500 fraudulent cash withdrawal from an ATM at Credit Union 2 in San Diego, California.

i.   On February 17, 2018, defendant KARAYAN used an unauthorized access device containing account information stolen from victim W.B. to make a $500 fraudulent cash withdrawal from an ATM at Credit Union 2 in San Diego, California.

j.   On February 27, 2018, defendant POLYAK possessed nine (9) assembled gas pump skimmers, as well as associated skimmer components and paraphernalia for building and installing skimmers, and fifteen (15) unauthorized access devices, which were found in a vehicle POLYAK was driving and a hotel room registered under his name.

k.   Between April 6 and April 9, 2018, defendants SHAKARYAN and HAKOBYAN attempted to use unauthorized access devices to conduct fraudulent cash withdrawals from Bank 2 ATMs in and around Reno, Nevada.

l.   On an unknown date, but prior to August 21, 2018, defendant BABAYAN possessed two (2) skimmers found at Gas Station 1 in San Diego, California.

m.   On August 27, 2018, defendant MANSURYAN used an unauthorized access device containing account information stolen from victim R.A. to make a $500 fraudulent cash withdrawal from an ATM at Credit Union 3 in Carlsbad, California.

n.   On August 27, 2018, defendant ARMUTYAN used an unauthorized access device containing account information stolen from

6

victim L.H. to make a $500 fraudulent cash withdrawal from an ATM at Credit Union 3 in San Diego, California.

o.   On August 29, 2018, defendant SHAKARYAN used an unauthorized access device containing account information stolen from victim K.H. to make a $500 fraudulent cash withdrawal from an ATM at Credit Union 3 in Rancho Bernardo, San Diego, California.

p.   On the following specific dates, the following defendants used unauthorized access devices to conduct fraudulent cash withdrawals or attempted fraudulent withdrawals from the listed ATMs at the indicated cities within the Southern District of California:

| Date | Defendant | ATM |
|------|-----------|-----|
| 8/29/2018 | HAKOBYAN | Credit Union 3, Escondido |
| 8/29/2018 | SHAKARYAN | Credit Union 3, Escondido |
| 8/29/2018 | HAKOBYAN | Credit Union 3, Rancho Bernardo, San Diego |
| 8/29/2018 | SHAKARYAN | Credit Union 3, Rancho Bernardo, San Diego |
| 8/29/2018 | MANSURYAN | Credit Union 3, Carmel Valley, San Diego |
| 8/30/2018 | ARMUTYAN | Credit Union 3, Encinitas |
| 8/30/2018 | HAKOBYAN | Credit Union 3, Encinitas |
| 9/8/2018 | ARMUTYAN | Credit Union 3, Poway |
| 9/9/2018 | ARMUTYAN | Credit Union 3, Oberlin Dr., San Diego |
| 9/9/2018 | MANSURYAN | Credit Union 3, Oberlin Dr., San Diego |
| 10/6/2018 | SHAKARYAN | Credit Union 3, Solana Beach |
| 10/6/2018 | KARAYAN | Credit Union 3, Solana Beach |
| 10/7/2018 | SHAKARYAN | Credit Union 3, Encinitas |
| 10/7/2018 | KARAYAN | Credit Union 3, Encinitas |
| 10/8/2018 | SHAKARYAN | Credit Union 3, Rancho Bernardo, San Diego |

| Date | Defendant | ATM |
|---|---|---|
| 10/8/2018 | KARAYAN | Credit Union 3, Rancho Bernardo, San Diego |
| 10/8/2018 | SHAKARYAN | Credit Union 3, San Marcos |
| 12/15/2018 | HAKOBYAN | Credit Union 3, Solana Beach |
| 12/16/2018 | SHAKARYAN | Credit Union 3, Carlsbad |
| 12/16/2018 | HAKOBYAN | Credit Union 3, Carlsbad |

q.   On an unknown date, but prior to September 11, 2019, defendant FICHIDZHYAN possessed a skimmer that was also possessed by defendant MANSURYAN and was found at Gas Station 2 in San Diego.

r.   On the following specific dates, the following defendants installed skimmers or downloaded data from skimmers, or attempted to do so, at the listed gas stations at the indicated cities in California:

| Date | Defendant | Gas Station |
|---|---|---|
| 11/9/2019 | MANSURYAN | Gas Station 3, Lucerne Valley |
| 2/6/2020 | MANSURYAN | Gas Station 4, San Diego |
| 3/12/2020 | MANSURYAN, SHAKARYAN | Gas Station 4, San Diego |
| 4/18/2020 | MANSURYAN, SHAKARYAN | Gas Station 5, Long Beach |
| 5/11/2020 | SHAKARYAN | Gas Station 6, Costa Mesa |
| 6/14/2020 | MANSURYAN, SHAKARYAN | Gas Station 7, Costa Mesa |
| 7/15/2020 | MANSURYAN, SHAKARYAN | Gas Station 8, Corona Del Mar |
| 7/17/2020 | MANSURYAN, SHAKARYAN | Gas Station 9, National City |
| 7/19/2020 | MANSURYAN, SHAKARYAN | Gas Station 10, Oceanside |
| 7/22/2020 | MANSURYAN, SHAKARYAN | Gas Station 11, Escondido |
| 7/24/2020 | MANSURYAN, SHAKARYAN | Gas Station 3, Lucerne Valley |
| 7/25/2020 | MANSURYAN, SHAKARYAN | Gas Station 11, Escondido |
| 8/13/2020 | MANSURYAN, SHAKARYAN | Gas Station 12, El Cajon |

8

| Date | Defendant | Gas Station |
|------|-----------|-------------|
| 12/8/2020 | MANSURYAN, SHAKARYAN | Gas Station 13, Escondido |
| 4/16/2021 | MANSURYAN, BABAYAN | Gas Station 15, Capistrano Beach |
| 4/29/2021 | MANSURYAN | Gas Station 15, Capistrano Beach |
| 5/8/2021 | MANSURYAN, BABAYAN | Gas Station 16, Moorpark |

s.   On an unknown date, but prior to January 31, 2020, defendant MANSURYAN possessed two (2) skimmers found at Gas Station 4 in San Diego, California.

t.   On an unknown date, but prior to June 10, 2020, defendant POLYAK possessed two (2) skimmers that were later installed in gas pumps at Gas Station 6 in Costa Mesa, California.

u.   On an unknown date, but prior to August 27, 2020, defendant SHAKARYAN possessed four (4) skimmers found at Gas Station 16 in Moorpark, California.

v.   On August 3, 2021, while driving a fuel truck containing approximately 325 gallons of fuel purchased with unauthorized access devices, defendant MANSURYAN possessed twenty-six (26) unauthorized access devices concealed inside a hidden compartment in the truck. All in violation of Title 18, United States Code, Section 1029(b)(2).

### Count 2

### Aggravated Identity Theft

### 18 U.S.C. § 1028A

### [HAKOBYAN]

11.   Paragraphs 1 through 5 are hereby incorporated by reference as if fully stated herein.

12.   On or about February 17, 2018, within the Southern District of California, defendant ARTOUR HAKOBYAN, during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2)

(Access Device Fraud), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit, the electronic bank information belonging to C.H., during a financial transaction at an ATM, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A.

### Count 3

### Aggravated Identity Theft

### 18 U.S.C. § 1028A

### [KARAYAN]

13. Paragraphs 1 through 5 are hereby incorporated by reference as if fully stated herein.

14. On or about February 17, 2018, within the Southern District of California, defendant HAKOP KARAYAN, during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2) (Access Device Fraud), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit, the electronic bank information belonging to W.B., during a financial transaction at an ATM, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A.

### Count 4

### Aggravated Identity Theft

### 18 U.S.C. § 1028A

### [MANSURYAN]

15. Paragraphs 1 through 5 are hereby incorporated by reference as if fully stated herein.

16.   On or about August 27, 2018, within the Southern District of California, defendant HAYKAZ MANSURYAN, during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2) (Access Device Fraud), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit, the electronic bank information belonging to R.A., during a financial transaction at an ATM, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A.

**Count 5**

**Aggravated Identity Theft**

**18 U.S.C. § 1028A**

**[ARMUTYAN]**

17.   Paragraphs 1 through 5 are hereby incorporated by reference as if fully stated herein.

18.   On or about August 27, 2018, within the Southern District of California, defendant PETROS ARMUTYAN, during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2) (Access Device Fraud), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit, the electronic bank information belonging to L.H., during a financial transaction at an ATM, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A.

//

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Count 6

### Aggravated Identity Theft

### 18 U.S.C. § 1028A

### [SHAKARYAN]

19.  Paragraphs 1 through 5 are hereby incorporated by reference as if fully stated herein.

20.  On or about August 29, 2018, within the Southern District of California, defendant HAYK SHAKARYAN, during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2) (Access Device Fraud), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit, the electronic bank information belonging to K.H., during a financial transaction at an ATM, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A.

### CRIMINAL FORFEITURE

21.  The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

22.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1029(b)(2) set forth in Count 2 of this Indictment, defendants HAYKAZ MANSURYAN, HAYK SHAKARYAN, DAVIT BABAYAN, ARTOUR HAKOBYAN, PETROS ARMUTYAN, HAKOP KARAYAN, ROBERT FICHIDZHYAN, and VASILIY POLYAK, shall forfeit to the United States of America:

a.  pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from,

12

1  proceeds obtained, directly or indirectly, as a result of such violation;
2  and

3          b.    pursuant    to    Title    18,    United    States    Code,
4  Section 1029(c)(1)(C), any personal property used or intended to be used
5  to commit the offense.

6      23.   If any of the property described above, as a result of any act
7  or omission of the defendants:

8          a.    cannot be located upon the exercise of due diligence;

9          b.    has been transferred or sold to, or deposited with, a
10 third party;

11         c.    has been placed beyond the jurisdiction of the court;

12         d.    has been substantially diminished in value; or

13         e.    has been commingled with other property which cannot be
14 divided without difficulty, the United States of America shall be
15 entitled to forfeiture of substitute property pursuant to Title 21,
16 United States Code, Section 853(p), as incorporated by Title 18, United
17 States Code, Sections 982(b)(1) and 1029(c)(2).

18 All pursuant to Title 18, United States Code, Sections 982(a)(2)(B),
19 982(b), and 1029(c).

20     DATED:   September 9, 2021.

21

22

23

24 RANDY S. GROSSMAN
   Acting United States Attorney
25

26 By:  _____
       SABRINA L. FEVE
27     NICHOLAS W. PILCHAK
       Assistant U.S. Attorneys
28