```
 1 │ RANDY S. GROSSMAN
   │ United States Attorney
 2 │ SABRINA L. FÈVE
   │ California Bar No. 226590
 3 │ NICHOLAS W. PILCHAK
   │ California Bar No. 331711
 4 │ Assistant U.S. Attorney
 5 │ 880 Front Street, Room 6293
   │ San Diego, California 92101
 6 │ Telephone: (619) 546-9709
   │ Email: Nicholas.Pilchak@usdoj.gov
 7 │
   │ Attorneys for the United States
 8 │
```



FILED
MAY 18 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-cr-2660-BAS-007 |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| ROBERT FICHIDZHYAN (7), | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Sabrina L. Fève and Nicholas W. Pilchak, Assistant U.S. Attorneys, and Defendant, ROBERT FICHIDZHYAN, through his counsel, Timothy Scott and Marcus Bourassa, as follows:

I

**THE PLEA**

Defendant agrees to plead guilty to Count One of the Indictment, charging Defendant with Access Device Fraud Conspiracy, in violation of Title 18, United States Code, Section 1029(b)(2). In addition, Defendant consents to the forfeiture allegations of the Indictment.

Def. Initials R.F.


## II

## NATURE OF THE OFFENSE

### A. ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. Beginning no later than February 27, 2017, and continuing to at least September 9, 2021, there was an agreement between two or more persons to commit the crimes of (a) using one or more unauthorized access devices during a one-year period, and thereby obtaining anything of value aggregating $1,000 and more during that period; and (b) producing, trafficking in, having control or custody of, and possessing device-making equipment;

2. The defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

3. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

In turn, the elements of use of one or more unauthorized access devices are:

1. The defendant knowingly used or trafficked in the unauthorized access devices at any time during a one-year period;

2. By using or trafficking in the unauthorized access devices during that period, the defendant obtained things of value, their value together totaling $1,000 or more during that period;

3. The defendant acted with the intent to defraud; and

4. The defendant's conduct in some way affected commerce between one state and another state.

The elements of producing, trafficking in, having control or custody of, and possessing device-making equipment are:

1. The defendant knowingly produced, trafficked in, had custody or control of, or possessed, device-making equipment;

2. The defendant acted with the intent to defraud; and

3. The defendant's conduct in some way affected commerce between one state and another state.

2

Def. Initials R.F.

An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

B. **ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS**

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Defendant agreed with co-defendants HAYKAZ MANSURYAN (1), HAYK SHAKARYAN (2), DAVIT BABAYAN (3), and others, to commit the crime of access device fraud. Specifically, he agreed that he and others in the conspiracy would use unauthorized access devices to obtain cash and valuable merchandise in furtherance of the conspiracy in amounts well exceeding $1,000 in a one-year period. Defendant also agreed that he and others would produce, traffic in, and possess device-making equipment, specifically the tools necessary to build and use credit-card skimming devices, in furtherance of the conspiracy. The unauthorized access devices used by the conspiracy typically consisted of legitimate account information stolen from unwitting victims, which was used to re-encode fake and fraudulent debit and credit cards.

2. Defendant became a member of this conspiracy knowing that its object was to build skimming devices, use those devices to steal victims' financial information, use that information to create new unauthorized access devices, and use those unauthorized access devices to get unlawful proceeds, and defendant specifically intended to help accomplish that object.

3. The access devices used in the conspiracy were "unauthorized" because they contained stolen account information taken from unwitting victims. Defendant expressly admits that he knew that these devices were unauthorized, and that by using them he acted with the intent to defraud.

4. Between February 27, 2017 and September 11, 2019, defendant built a variety of skimming devices which he supplied to MANSURYAN, SHAKARYAN, and BABAYAN for their use installing the devices at common points of purchase, such as gas stations. For example, FICHIDZHYAN built a gas pump skimming device that was later installed in a San Diego gas station by MANSURYAN and recovered by law enforcement on September 11, 2019. Defendant expressly admits that, by building and supplying these devices, he acted with the intent to defraud.

3

Def. Initials R.F.

5. Defendant's conspiracy inflicted losses of at least $573,649.20 during the period in which defendant was directly involved in it, and the conspiracy involved more than 10 victims. Defendant expressly admits that he personally obtained proceeds in the amount of at least $249,890.00 during his involvement.

## III

## PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum of 10 years in prison;

B. a maximum fine of $250,000 or twice the pecuniary gain or loss;

C. a mandatory special assessment of $100;

D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E. forfeiture of any property constituting or derived from proceeds obtained directly or indirectly as a result of the violation, and all personal property used to commit the offense.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

4

Def. Initials R.F.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The United States will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the United States would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

Def. Initials R.F.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a **presentence report** is prepared by the U.S. Probation Office and defense counsel and the United States have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

Def. Initials R.F.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The United States has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

### A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

//
//
//
//
//
//
//
//

Def. Initials R.F.

| | | |
|---|---|---|
| 1. | Base Offense Level, § 2B1.1(a)(2) | 6 |
| 2. | Loss >$550,000, § 2B1.1(b)(1)(H) | +14 |
| 3. | 10 or More Victims, § 2B1.1(b)(2)(A)(i) | +2 |
| 4. | Sophisticated Means & Multiple Jurisdictions § 2B1.1(b)(10) | +2 |
| 5. | Unauthorized Access Devices, § 2B1.1(b)(11)(B) | +2 |
| 6. | Acceptance of Responsibility, §§ 3E1.1(a)/(b) | -3 |
| 7. | Physical Condition, § 5H1.4 | -2 |
| | | 21 |

**B. ACCEPTANCE OF RESPONSIBILITY**

Despite paragraph A above, the United States need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the United States, the Court or probation officer;
4. Breaches this plea agreement in any way; or
5. Transfers or conceals property (or properties) that would otherwise be available for payment of restitution.

**C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553**

Defendant may recommend additional downward adjustments, departures, including Criminal History departures under USSG § 4A1.3, or sentence reductions under 18 U.S.C. § 3553. The United States may oppose any such adjustments or departures not set out above.

Def. Initials R.F.

D.  NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to Defendant's Criminal History Category.

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.  PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The United States will recommend that Defendant be sentenced at the low end of the advisory guideline range as calculated by the United States at the time of sentencing.

The United States understands that Defendant intends to plead guilty in Napa County Superior Court case number 19-cr-000380/201900256-01 (the "Napa County Case") and be sentenced in the Napa County Case following the imposition of sentence in this case. The United States further understands that Defendant intends to join with the prosecuting authority in the Napa County Case in recommending the imposition in that matter of time concurrent to any term of custody imposed in this case. While the United States understands that Defendant intends to seek that resolution and has no objection to it, Defendant understands that nothing in this agreement binds the prosecuting authority in the Napa County Case.

G.  SPECIAL ASSESSMENT /FINE /FORFEITURE /RESTITUTION

1.  Special Assessment

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Defendant shall pay the special assessment through the office of the Clerk of the District Court

Def. Initials R.F.

by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

**2. Fine**

The United States will not recommend a fine.

**3. Forfeiture & Restitution**

Defendant consents to the forfeiture allegations of the Indictment and consents to the forfeiture of all property seized in connection with this case. The parties agree that forfeiture and restitution shall be governed by the provisions of the attached financial addendum.

**H. SUPERVISED RELEASE**

If the Court imposes a term of supervised release, Defendant agrees that he will not later seek to reduce or terminate early the term of supervised release until he has served at least 2/3 of his term of supervised release or probation and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment imposed by the Court.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture or restitution order. The only exceptions are: 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the United States at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence); and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. Defendant also explicitly waives any

10

Def. Initials R.F.

challenge to the constitutionality of the statutes to which Defendant is pleading. If Defendant appeals, the United States may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the United States has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the

11

Def. Initials R.F.

United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge that is the subject of this plea agreement or any charge(s) that the United States agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the United States, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

Def. Initials R.F.

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

13

Def. Initials R.F.

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
United States Attorney

May 11, 2022
DATED

SABRINA L. FEVE
NICHOLAS W. PILCHAK
Assistant U.S. Attorneys

5/11/22
DATED

TIMOTHY SCOTT
MARCUS BOURASSA ✓
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.

5/11/22
DATED

ROBERT FICHIDZHYAN
Defendant

14

Def. Initials R.F.